UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ALTON HUBBARD,

                Petitioner,                Case No. 2:10-cv-38

v.                                          Honorable R. Allan Edgar

GARY CAPELLO,

                Respondent.
_____/

## ORDER ADOPTING AND APPROVING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 30, 2013, U.S. Magistrate Judge Greeley entered a Report and Recommendation ("R&R") recommending that Petitioner's habeas petition be dismissed with prejudice. Doc. No. 48. Petitioner has filed objections to the R&R [Doc. No. 49], along with a motion to stay his habeas proceedings and hold his petition in abeyance [Doc. No. 50]. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner objects to Magistrate Judge Greeley's finding on his involuntary confession claim. Specifically, Petitioner argues the trial court's finding regarding his confession did not adequately assess the police officers' credibility and motivations. Petitioner's objection is without merit. Petitioner further argues that he has recently discovered that one of the police officers present during the confession has a history of domestic violence. Petitioner

requests, in his motion for a stay, that he be allowed a stay of his habeas proceedings so that he may return to state court and develop the facts on this issue by filing a M.C.R. 6.500 motion. The Court finds that a stay is inappropriate in this case. Petitioner has not alleged that he has filed a 6.500 motion with the state court, only that he intends to do so. Petitioner's motion for a stay will be denied.

Petitioner further objects to Magistrate Judge Greeley's finding that Petitioner did not point to any constitutional right that was violated as a result of the joint trial with his brother. In his objection, Petitioner asserts that, in his supplemental brief to the Michigan Court of Appeals, he argued that his case presented a situation "where there are evidentiary problems arising from out-of-court statements made by a co-defendant which are incriminating towards the other defendant[.]" Doc. No. 49, p. ID 467. Regardless of what issue he may have presented in his Michigan Court of Appeals brief, a review of Petitioner's habeas petition claim regarding the severing of his trial from that of his brother reveals that the claim is based on perceived errors of state law. Petitioner's objection is without merit.

The remainder of Petitioner's objections are similarly without merit. Petitioner's objections to the R&R [Doc. No. 49] are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 48] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE. Petitioner's motion to stay his petition [Doc. No. 50] is DENIED.

If Petitioner files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find that this decision

to dismiss the habeas petition on the ground it is time-barred the statute of limitation in 28 U.S.C. § 2244(d)(1)(A) is debatable or wrong.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.


Dated:   3/1/2013   　　　　　　　　　　/s/ R. Allan Edgar
　　　　　　　　　　　　　　　　　　　　R. Allan Edgar
　　　　　　　　　　　　　　　　　　　　United States District Judge